UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM VICTOR RODMON,

    Plaintiff,

v.                                  Case No. 3:15cv267-MCR-CJK

SERGEANT BROUGHTON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On September 26, 2017, the undersigned entered an order (doc. 27) noting plaintiff's amended complaint (doc. 26) was incomplete, as plaintiff did not complete the Statement of Facts, Statement of Claims, or Relief Requested sections of the complaint form.  The undersigned also noted plaintiff failed to provide service copies of the amended complaint.  The undersigned directed the clerk of court to forward plaintiff a civil rights complaint form and allowed plaintiff 30 days in which to file a second amended civil rights complaint on the court form, fully completed, and submit 1 service copy of the second amended complaint for each defendant.  The

undersigned advised that failure to comply with the order as instructed would result in a recommendation that the case be dismissed for failure to prosecute and/or failure to comply with an order of the court.

After more than 30 days passed and plaintiff had not filed a second amended complaint or provided services copies thereof, the undersigned entered an order (doc. 28) directing plaintiff to show cause within 14 days why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court. In response to the show cause order, plaintiff filed another incomplete complaint form, with no service copies. *See* doc. 29. It appeared, however, that plaintiff requested the court send him another complaint form. The undersigned thus directed the clerk to forward plaintiff 4 civil rights complaint forms and allowed plaintiff a final opportunity to comply with the court's orders by filing a second amended civil rights complaint on the court form, <u>fully completed</u>, and submitting <u>1 service copy of the second amended complaint for each named defendant</u>. *See* doc. 30. The undersigned again advised that failure to comply with the order as instructed would result in a recommendation that the case be dismissed for failure to prosecute and/or failure to comply with an order of the court.

Plaintiff filed a second amended complaint. *See* doc. 32. The second amended complaint, however, is essentially devoid of any factual allegations, and the factual

Case No. 3:15cv267-MCR-CJK

allegations provided, as well as the statement of clams, are partially illegible. Moreover, as relief, plaintiff states simply that he wants "to get just for what happened to [him]." The second amended complaint plainly is insufficient, and plaintiff submitted only 1 service copy. Given plaintiff's repeated failure to comply with the court's orders, and the futility of continuing further along this path, the matter should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and/or failure to comply with an order of the court.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 8th day of May, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**